```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

TRACIE WOODS,                      )
                                   )
        Plaintiff                  )
                                   )        No. 3:11-0548
v.                                 )        Judge Trauger/Brown
                                   )
HOLIDAY INN EXPRESS and            )
MATTIEE PETTY,                     )
                                   )
        Defendants                 )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

The Plaintiff has filed a complaint in forma pauperis and the case was referred to the undersigned for a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and, if necessary, for case management (Docket Entry 9). For the reasons stated below, the Magistrate Judge recommends that this case be **DISMISSED** as frivolous inasmuch as it does not state a cause of action under Title VII of the Civil Rights Act of 1964.

### BACKGROUND

The Plaintiff has filed an amended complaint (Docket Entry 7). The amended complaint would add an additional defendant to Holiday Inn Express–one of the Plaintiff's supervisors, Mattiee Petty. At the request of the Magistrate Judge the Plaintiff also included her EEOC complaint filed on June 12, 2010. Her complaint and the EEOC complaint both allege retaliation based on race. Plaintiff alleges that she is a black woman. She alleges that she gave notice to her employer that she was leaving the country for five days and six nights, and her leave was approved by the

housekeeping assistant manager.  She alleges that when she reported back to work on June 3rd, 2010 she was informed she was a no call/no show on May 30th, 2010 and she was subsequently suspended and then terminated.  She states that she believes she was discriminated against because of her race because she was suspended and terminated, even though she had permission to be off work.

**LEGAL DISCUSSION**

As an initial matter it is clear that Title VII gives a plaintiff the right to sue her employer for acts of discrimination.  A supervisor is not an employer and, therefore, is not a proper defendant.  Holiday Inn Express is the Plaintiff's employer, not any individual supervisor.  *See Watham v. General Electric Company*, 115 F.3d 400,404-405 (6th Cir. 1997).  Thus, any claims against Defendant Petty are frivolous and should be dismissed.

In order to establish a claim for discrimination, the Plaintiff must show (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) that she was qualified for the position; and (4) she was replaced by someone outside the protected class, or was treated differently than similarly-situated nonprotected employee.  *Wright v. Murray Guard, Inc.*, 455 F.3d 702,707 (6th Cir. 2006).

In this case the Plaintiff alleges sufficient facts to satisfy the first three elements.  As a member of a protected class she was qualified for her job and that an adverse action was taken against her.  Unfortunately, the complaint fails to satisfy the fourth element.  Neither the complaint nor the EEOC complaint make any allegation whatsoever that a nonprotected employee was treated different from the Plaintiff.  Without some allegation that she was

2

treated differently from other employees similarly situated, her claim fail6.

A *pro se* plaintiff is entitled to a liberal reading of her pleadings, and at the initial stage is entitled to the benefit of the doubt in order to allow claims to proceed. However, a *pro se* plaintiff is not excused from all pleading requirements. As the Sixth Circuit pointed out "To survive scrutiny under § 1915(a)(B)(1) and 1915(e)(2)(B)(ii) 'a complaint must contain sufficient factual matter accepted as true to state a claim a claim to relief that is plausible on its face'." *Hill v. Lampton*, 630 F.3d 468,471 (6th Cir. 2010).

In this case the Plaintiff makes absolutely no factual allegations that nonprotected employees were treated more favorably. The fact that an employer may treat an employee unfairly is not actionable under Title VII absent some factual basis that she was treated differently from non protected employees  The Plaintiff's conclusion that she was terminated because of her race is a pure legal conclusion without any factual allegations to support it. *Russell v. Tennessee Dept. Of Corrections*, 99 Fed.Appx 575 (6th Cir 2004).  As such, the complaint is subject to dismissal.[1]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be **DISMISSED** with prejudice as frivolous

---

[1].The Magistrate Judge would note that in the amended complaint at Paragraph 8, the Plaintiff failed to check any grounds for discrimination whatsoever.

3

and that any appeal from the dismissal of this case also be deemed frivolous.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

Respectively submitted.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge